UNITED DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

**LINDA CALDWELL,**
         **Plaintiff,**

         vs.                               00-1319

**ELIZABETH MCEWING, et al.,**
         **Defendants.**

**ORDER**

      The plaintiff seeks leave to proceed on appeal in forma pauperis [134]. The plaintiff appeals this court's September 28, 2006 opinion. Under 28 U.S.C. § 1915(a)(3), the court is required to determine if the plaintiff's appeal is taken in good faith. "Good faith" within the meaning of § 1915(a)(3) is not about the plaintiff's sincerity in requesting appellate review. Rather, an appeal taken in "good faith" is an appeal that, objectively considered, raises non-frivolous colorable issues. *See Cruz v. Hauck*, 404 U.S. 59, 62 (1971); *see also Coppedge v. United States*, 369 U.S. 438, 445 (1962). The court cannot find a good faith basis for his appeal. *See Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000), where the court held that an appeal from a dismissal for frivolousness cannot be in good faith.

      However, the United States Court of Appeals for the Seventh Circuit has ruled that where the appellant was authorized to proceed in forma pauperis in the district court, a district judge who after receiving the notice of appeal doubts that it is in good faith should, before denying the appellant's in forma pauperis status, give him an opportunity to submit a statement of his grounds for appealing. *See Celske v. Edwards*, 164 F.3d 396 (7th Cir. 1999). A plaintiff that identifies issues that are debatable among jurists, or that could be resolved in a different manner, or that are sufficient to deserve encouragement to proceed further demonstrate a good faith basis for an appeal. *Pate v. Stevens*, 163 F.3d 437, 439 (7th Cir. 1998).

      In the court's February 7, 2007 order, the court noted that the defendants filed a response [135] to the plaintiff's motion to proceed in forma pauperis [134], but the plaintiff had not had an opportunity to file her appellate brief informing this court of her grounds for appeal. The court notes that the plaintiff had filed a reply [134] to the defendants' response. Nevertheless, the plaintiff was allowed fourteen days to file a brief informing this court of her grounds for appeal. The plaintiff has failed to file a brief informing this court of her grounds for appeal.

The court has reviewed the defendants' response [135] to the plaintiff's motion to proceed in forma pauperis [134] the plaintiff's reply [134] to the defendants' response. In her response, the plaintiff asserts the following are her arguments in response to the defendants' response.

> 1) As the "Attorney General Office has been notified from trial court No. 04 MR 30 Caldwell has been seeking new hearings in the tickets involving the defendants. The Appellate Court just reversed the decision and remanded the case back for new trial stating the Federal Court had no jurisdiction and mandamus was the proper course, meaning res judicata does not apply in the matter." 2) The defendants had no cause to search me after being in an empty cell. The manner of searching was also unconstitutional, (sic) it was to cause demeanment (sic), to harass and to cause pain. 4) (sic) There was no claim against McEwing for verbal abuse. It occurred and gave state of mind leading to the blows from McEwing and strip search. 5. (sic) What medical care - none was provided for even the fracture (sic) collar bone which was not followed up. 5. (sic) Plaintiff has sought court of claims for the malicious act of throwing my property, for glasses. 6. All the defendants were not involved in disciplinary hearings.

The plaintiff has stated that a decision regarding [disciplinary] tickets was reversed by apparently the Appellate Court of the State of Illinois and remanded for new trial. However, the plaintiff does not provide any specifics that relate to the instant lawsuit and this court will not make a guess for the plaintiff. Further, the plaintiff does not provide any support for her statements. Therefore, this court determines that for the reasons stated in its September 28, 2006 order, this action does not raise a substantial issue meriting relief from judgment.

**IT IS THEREFORE ORDERED:**

1. **The plaintiff's motion for leave to proceed in forma pauperis is denied. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that the appeal is not in good faith [134].**
2. **The plaintiff is ordered to remit to the clerk of the court the $455.00 appellate fee within 14 days of the date of this order. The plaintiff is responsible for ensuring payment of the filing fees as directed by this order, and should ensure that the institution having custody of him transmits the necessary funds. The obligation to make full payment of the filing fees imposed by this order shall not be relieved by release or transfer to another prison. The plaintiff is under a continuing obligation to inform the clerk of this court in writing of any change of address within seven days of the change.**

3. The clerk of the court is directed to mail a copy of this order to the Seventh Circuit United States Court of Appeal.

Enter this 1st  day of May 2007.

                                                         s\Harold A. Baker

                                       _____

                                       **HAROLD A. BAKER**
                                       **UNITED STATES DISTRICT JUDGE**